UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

COREY D. WRIGHT,

    Petitioner,

    v.                          Case No. 12-C-0218

UNITED STATES OF AMERICA,

    Respondent.

---

DECISION AND ORDER DENYING COREY WRIGHT'S MOTION
UNDER 28 U.S.C. § 2255, DISMISSING CASE, AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY

On March 2, 2012, Corey Wright filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his August 19, 2004, sentence of 248 months. Wright plead guilty to using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c). His direct appeal was dismissed by the Seventh Circuit Court of Appeals, and a petition pursuant to 28 U.S.C. § 2241 filed in the Central District of Illinois was dismissed without prejudice. The Seventh Circuit Court of Appeals affirmed the dismissal of the § 2241 petition explaining that a remedy may have been available under § 2255 to test the legality of Wright's sentence, but he failed to timely seek that remedy. *Wright v. Rios*, Case No. 10-01354 (C.D. Ill. 2011), *aff'd*, Appeal No. 11-1833 (7th Cir. 2011). Because this court finds the pending § 2255 motion is untimely, it will be denied.

Section 2255 permits a federal prisoner to attack his sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Consequently, such relief is appropriate only for errors of law that are jurisdictional, constitutional, or constitute a fundamental defect inherently resulting in a complete miscarriage of justice. *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). In addition, § 2255 actions are subject to a one year statute of limitation, measured from the latest of (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States was removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In his pending § 2255 motion, Wright insists that he can demonstrate his "actual innocence of the Armed Career Criminal portion of his 248 month sentence" in light of two United States Supreme Court decisions, *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), which apply retroactively to his case. Wright acknowledges that timeliness is an issue inasmuch as *Begay* was decided on April

2

16, 2008, and *Chambers* was decided on January 13, 2009. Wright filed the pending motion on March 2, 2012, nearly four years after *Begay* was decided. Moreover, the Seventh Circuit has already commented on the timeliness of Wright's attacks on his sentence when affirming the dismissal of Wright's § 2241 petition which rested on the same grounds as this case: "[T]here was nothing preventing Wright from filing a timely motion under § 2255; he simply slept on his rights." *Wright*, Appeal No. 11-1833 at 2.

To the extent that Wright seeks a finding that this case is timely because of the Seventh Circuit's discussion of *Begay* in *United States v. Narvaez*, 674 F.3d 621 (7th Cir. 2010), the obvious distinction is that Narvaez filed a timely § 2255 motion. Moreover, here the government does not agree that the motion is timely and seeks denial because it is tardy. Additionally, no precedent allows the application of the equitable tolling doctrine in this case. Indeed, Wright has made no showing that some extraordinary circumstance out of his control prevented the timely filing of the pending proceeding. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A certificate of appealability shall issue only if the movant can make a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, the movant must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement

3

to proceed further.'" *Id.* (*quoting Slack v. McDaniel*, 529 U.S. 473 (2000)). When the motion is decided on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 485.

Wright may be able to satisfy the first prong by citing *Narvaez*, 674 F.3d at 628, where the Seventh Circuit recognized that when an individual's career offender status illegally increased his sentence beyond the sentencing scheme, the error constitutes a fundamental miscarriage of justice cogniable in a 2255 motion. Nevertheless, jurists of reason could not debate whether this district court was correct in its procedural ruling. There are no exceptions to the one-year limitation period that apply in this case because Wright's only explanation for his delay was that he was "waiting for the smoke to clear" with subsequent decisions regarding the retroactivity of *Begay* and *Chambers*.

In *United States v. Wyatt*, the Seventh Circuit recognized that another defendant sentenced as a career offender was "caught in a procedural mess from which [the court] could not extricate him." 672 F.3d 519 (7th Cir. 2012). Wyatt's § 2241 petition, which was filed in the district where he was confined, was denied because the escape hatch of § 2255(e) was not satisfied. The § 2241 petition was recharacterized as an application to file a second or successive § 2255 motion and transferred to the Seventh Circuit. Wyatt then returned to the district court where he had been sentenced and filed a Rule 33(a) motion on the ground that *Chambers* and *Begay* constituted newly discovered evidence of

4

his innocence. *Id.*, 672 F.3d at 522. In holding that Wyatt had not utilized the correct vehicle for relief, the Seventh Circuit wrote:

> Wyatt would not be sentenced as a career offender today and likely would receive a substantially lower sentence; the taxpayer is footing the bill to keep Wyatt in prison far longer than Congress or the Sentencing Commission intended, but there is no longer any judicial procedure to remedy this situation. At this point, only the executive branch has the authority to grant Wyatt the relief he seeks.

*Id.*, 672 F.3d at 524. Now, therefore,

IT IS ORDERED that Corey Wright's motion under 28 U.S.C. § 2255 is denied.

IT IS FURTHER ORDERED that this case is dismissed.

IT IS FURTHER ORDERED that the court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE